389.   We think this issue was sufficiently raised by the pleadings; and, at all events, it was litigated at the trial without objection, and is now properly before us.    Tarbell v. Shipping Co., 110 N. Y. 170, 181, 17 N. E. 721; Wells v. Association, 120 N. Y. 630, 24 N. E. 276. Upon the grounds above stated, we think that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted; costs to the appellant to abide the event.

CONLAN, J., concurs.

---

FREEMAN v. CONSOLIDATED TRACTION CO.

(City Court of New York, General Term.   August 4, 1898.)

NONSUIT—QUESTION FOR JURY.
    If, in an action by a passenger to recover damages from a surface railway company for personal injuries sustained by the plaintiff through the alleged negligence of the defendant in suddenly starting a car while the plaintiff was leaving it, the plaintiff testifies positively that, when he was stepping from the car, it had, for that purpose, been brought to a full stop, and was then suddenly started, a motion for a nonsuit, made at the close of the plaintiff's case, is properly denied.

Appeal from trial term.

Action by Max Freeman against the Consolidated Traction Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

Jarvis N. Atkinson, for appellant.
Julius H. Kahn, for respondent.

CONLAN, J.   This is an appeal from a judgment entered upon a verdict at the trial term of this court, and from an order denying a motion for a new trial.   The action was brought to recover for personal injuries alleged to have been sustained by the plaintiff while a passenger on one of the cars of the defendant, and to have been caused solely by the defendant's negligence.   The theory of the plaintiff is that he signaled the conductor of the car to alight at a certain point on the route, and that, in consequence thereof, the car came to a full stop; and when he attempted to get off, and with one foot upon the car and the other upon the ground, and having hold of the handle upon the car with his right hand, the car was suddenly started, and afterwards he was thrown to the ground, and thus suffered the injuries for which recovery is sought to be had.   There is some dispute as to which side of the car the plaintiff got off.   He himself testified that it was the left side, and at least one of the defendant's witnesses agrees with him in this particular.   The evidence of the plaintiff is positive on the point that the car had fully stopped when he attempted to get off, and for this reason we think the motion for a nonsuit was properly denied, at the close of the plaintiff's case.   Upon the question whether the car was fully stopped or not, there is a sharp conflict of

evidence; but the trial judge submitted the whole case, on all of the evidence, to the jury in a well-considered charge, to which no exception was taken; and we should only be usurping the province of the jury if, upon the case as presented by the printed record before us, we were to disturb its finding. We are unwilling to say that a verdict of $600 under all the circumstances of the case was excessive, and are therefore of the opinion that the judgment and order appealed from must be affirmed, with costs.

Judgment affirmed, with costs.

SCHUCHMAN, J., concurs.

---

(24 Misc. Rep. 377.)

MARCO et al. v. BIRD.

(City Court of New York, General Term. August 4, 1898.)

PLEADING—BILL OF PARTICULARS.

    In an action to recover for coal sold and delivered, the answer set up in defense that in each load delivered there was a large shortage of weight. *Held*, that an order for a bill of particulars was properly granted, requiring the defendant to state in detail when and where the coal was weighed, and the shortage on each quantity separately weighed.

Appeal from special term.

Action by Benjamin B. Marco and another against Clinton W. Bird. From an order requiring defendant to furnish a bill of particulars, he appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

Wilmer & Canfield, for appellant.

Burr & De Lacy, for respondents.

CONLAN, J. This is an appeal from an order made at special term, requiring the defendant to furnish a bill of particulars stating "what was the average in weight of the coal alleged in paragraph 2 of the answer, when and where said coal was weighed, on what scales, and the number of tons as described weighed, and whether each ton was separately weighed, or in what quantity said coal was weighed, and the shortage on each quantity weighed." The action was brought to recover a sum of money alleged as a balance due for the sale and delivery of a number of tons of coal, which it is claimed in the complaint were so delivered between December 1, 1897, and February 28, 1898. The dates of delivery are many in number, running almost daily through the months within the period named. The particular allegations in the answer at which the application for the relief sought is aimed are as follows:

"Defendant further alleges that the plaintiffs falsely represented, at the time of the delivery of the coal, that the coal delivered was of full weight, and thereby induced defendant to accept the same; and defendant in good faith, relying on such representations, and believing them to be true, used the coal so delivered, in ignorance of the fact that it was short weight, to the great injury and damage of the defendant, and that in the case of each load of coal delivered there was a large shortage of weight."